HANNAH E. LUNDEEN v. KAPLAN PAPER BOX COMPANY AND OTHERS.[1]

January 10, 1936.

No. 30,552.

[1]Reported in 264 N. W. 435.

*Harry S. Swensen,* for relator.
*Robb* and *Rich,* for respondent.

PER CURIAM.

*Certiorari* to the industrial commission to review its decision wherein relator, the widow of Carl G. W. Lundeen, was denied compensation for the death of her husband.

Carl G. W. Lundeen, at the time of his death was employed by the Kaplan Paper Box Company and its subsidiary, the Minnesota

Envelope Company. Both companies are located upon the same premises in St. Paul. At the hearing before the referee it was stipulated that Lundeen on November 21, 1932, while crossing from the east to the west side of Washington avenue in Minneapolis at a point about 60 feet south of where that avenue intersects Thirteenth avenue south, was struck by an automobile and died of the injuries sustained. The other material facts are in dispute. Taking the evidence most favorable to the respondents, as we are bound to do in considering the commission's decision in their favor, we find in the record sufficient evidence to sustain the following findings as set forth in the memorandum of the commission. Lundeen on the day of the accident was sent by his employers to the Co-operative Machine & Tool Company located at 915 Washington avenue south in Minneapolis, with instructions to have that company manufacture an attachment for an envelope-folding machine. He was given a blank piece of steel stock out of which this attachment was to be made. Lundeen was also to furnish the tool company with the exact measurements of the attachment. He left the employers' premises in St. Paul at about three o'clock in the afternoon and arrived at the shop of the tool company about four o'clock. After talking with an employe of the tool company about the attachment that was to be made, Lundeen left the shop some time between half past four and five o'clock. There is evidence from which it might be concluded that he left later, but the weight of the evidence supports the commission's view. He did not return to the St. Paul plant, and his movements between the time he left the tool company and 6:45 that evening are not disclosed. At 6:45 Lundeen came into a barbershop at 1221 Washington avenue south, about three blocks away from the tool company, and there canceled an order for a turkey which he had previously ordered of a farmer through the barber. He left the barbershop immediately and a few minutes later, at about 6:50 or 6:55 was injured as above set forth. The accident occurred in front of 1306 Washington avenue south. Lundeen's home was at 3028 Fourth avenue south in Minneapolis. In denying the widow compensation the commission stated:

"The accident took place at least two hours after he had finished the special errand for which he was sent by his employer. There is no evidence upon which we could find that the accident arose during the course of his employment, much less that it arose out of it."

Relator contends that this decision is contrary to the evidence and is based upon speculation and conjecture and that Lundeen met his death in the course of his employment.

We regard the evidence as abundantly sustaining the commission's decision. Lundeen's death occurred long after his working hours and long after, by any reasonable view of the evidence, he could be held still to be engaged on the special errand in Minneapolis. For purposes of his own he remained on Washington avenue, and his death was the result of hazards occurring neither in his regular employment nor in connection with his special errand. It would serve no useful purpose to discuss the cases cited by relator. They have all been carefully examined and are clearly distinguishable on the facts. The evidence supports the commission, and their decision is affirmed.

